United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAKSHMI ARUNACHALAM,<br>Plaintiff,<br>v.<br>STANFORD HEALTH CARE, et al.,<br>Defendants. | Case No. 5:18-cv-03995-EJD<br><br>**ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 34 |

Defendants Stanford Health Care and Lucile Salter Packard Children's Hospital at Stanford move for a more definite statement. The motion is scheduled for hearing on January 31, 2019. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). The hearing is accordingly VACATED.

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement before filing a responsive pleading where the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Plaintiff's complaint is captioned "Complaint for Patent Infringement." Plaintiff alleges that she is "the inventor of the Internet of Things (IoT)—Web Applications displayed on a Web browser—and IoT devices, apparatuses, machines—whose current market value far exceeds multi-trillion dollars." Complaint, 6. In Section VI, Plaintiff alleges that she is the inventor and assignee of all rights, title, and interest in U.S. Patent No. 7,930,340 (the "340 Patent"). Defendants' allegedly infringing conduct appears to include the use of web applications to conduct any online transactions. For example, Plaintiff alleges that each of the Defendants has infringed "by means of at least the Web application/Web application development platform and tools,

Case No.: 5:18-cv-03995-EJD
ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT

1

products and services; Apple's App Store, Google Play, each of the Web applications in App Store and Google Play, and the Web applications displayed on a Web browser offered by each of the Defendants." *Id*. ¶ 25. Plaintiff also alleges that Defendants infringe "by operating without authority one or more real-time on-line two-way transaction system(s); and/or a computer implemented method of permitting a real-time, online transaction by a user with at least one computing device on the World Wide Web; and/or a system for accessing healthcare services on the World Wide Web; and/or a real-time online, two-way transaction system, operating on the World Wide Web; reflected in the websites of each Defendant and those cited above and/or app store. . . ." *Id*. ¶ 32. Plaintiff also alleges that "Defendants infringement is by making, and using without authority Web application development platforms, tools, Web applications, products and services, and by making and using Defendants' Cloud Services." *Id*. ¶ 37. These allegations are so broad, vague and conclusory that Defendants cannot "reasonably prepare a response." Fed. R. Civ. P. 12(e).

Plaintiff's second count entitled "AIDING AND ABETTING RICO, ANTI-TRUST, WITNESS TAMPERING, OBSTRUCTION OF JUSTICE AND FINANCIAL ELDER ABUSE VIOLATIONS AND TREASONOUS BREACH OF SOLEMN OATHS OF OFFICE BY DEFENDANTS' WEB APPLICATION PROVIDERS" is also indefinite, conclusory, and lacks any factual basis. Further, Plaintiff appears to be asserting multiple claims for relief in a single count in violation of Federal Rule of Civil Procedure 10(b), which also prevents Defendants from reasonably preparing a response. The second count is also legally deficient insofar as Plaintiff purports to assert a private cause of action for treason and for obstruction of justice. *See Hallal v Mardel*, No. 16-1432 DAD, 2016 WL 6494411, at *3 (E.D. Cal. Nov. 2, 2016) (no private right of action for treason); and *Chapman v. Chronicle*, No. 07-4775 SBA, 2009 WL 102821, at *4 (N.D. Cal. Jan. 14, 2009) (obstruction of justice is not a cognizable claim).

Defendants' motion for a more definite statement is accordingly GRANTED. Plaintiff may file and serve an amended complaint that provides a more definite statement no later than February 28, 2019. If Plaintiff elects not to amend the complaint or files an amended complaint

Case No.: 5:18-cv-03995-EJD
ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT
2

that does not comply with the pleading standards set forth in the Federal Rules of Civil Procedure, the action will be dismissed.

**IT IS SO ORDERED.**

Dated: January 25, 2019

EDWARD J. DAVILA
United States District Judge